IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 08-21406 (BM) |
| JOHN E. PAWLOWICZ, | Chapter 11 |
| Debtor. | Adv. Pro. No. _____ (BM) |
| JOHN E. PAWLOWICZ, | |
| Plaintiff, | |
| v. | |
| MEZEY & ASSOCIATES, INC., NDS, LLC and NOTEWORLD, LLC | |
| Defendants. | |

## COMPLAINT

John E. Pawlowicz (the "Debtor"), by and through his undersigned attorneys, files this Complaint for (i) Avoidance and Recovery of Fraudulent Transfers, (ii) Avoidance and Recovery of Fraudulent Transfers Pursuant to the Pennsylvania Uniform Fraudulent Transfer Act, (iii) Breach of Contract, (iv) Unjust Enrichment, and (v) Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (the "Complaint") and, in support thereof, respectfully avers as follows:

### Nature of the Case

1. Debtor brings these actions under section 1107(a) of Title 11 of the United States Code (the "Bankruptcy Code"), as debtor in possession, with the rights and powers of a trustee.

2. Count I of this Complaint seeks to avoid and recover fraudulent transfers pursuant to sections 544, 548(a), and 550 of the of the Bankruptcy Code from Mezey & Associates, Inc.

{P0136179.3 }

("Mezey"), NDS, LLC ("NDS"), and NoteWorld, LLC ("NoteWorld" or, collectively with Mezey and NoteWorld, the "Defendants") all payments which Debtor made to the Defendants within the two-year period preceding the Petition Date (as defined herein).

3. Count II of this Complaint seeks to avoid and recover fraudulent transfers, pursuant to section 544 of the Bankruptcy Code and 12 Pa.C.S.A. § 5101, *et seq.*, specifically, §§ 5104 and 5107(a)(1), all payments which Debtor made to the Defendants within the four-year period preceding the Petition Date (as defined herein).

4. Count III of this Complaint seeks a judgment against the Defendants for breach of contract, under 28 U.S.C. § 157(c)(1).

5. Count IV of this Complaint seeks a judgment, under 28 U.S.C. § 157(c)(1), against the Defendants, in the event that this Court finds that no contract existed between Debtor and the Defendants, on the basis that the Defendants were unjustly enriched by the payments which Debtors made to them.

6. Count V of the Complaint seeks a judgment under 28 U.S.C. § 157(c)(1) and Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. (the "UTPCPL").

<u>Jurisdiction and Venue</u>

7. This court has subject matter jurisdiction under 28 U.S.C. §§ 1334 and 157.

8. Venue is appropriate in this district pursuant to 28 U.S.C. § 1409.

9. Counts I through III are core proceedings within the meaning of 28 U.S.C. § 157(b)(2)(B), (E), and (O).

10. This Court has jurisdiction to hear Counts IV and V pursuant to 28 U.S.C. § 157(c)(1).

The Parties

11.	Upon information and belief, NDS is a California corporation, having a registered address for the service of process at 9187 Clairemont Mesa Boulevard, Suite 6-529, San Diego, California 92123 and its process agent is Nicolas De Segonzac, an individual.  NDS purports to be a debt management service that resolves its clients' unsecured debts by accepting deposits through an intermediary and using some portion of the proceeds to negotiate settlements with its clients' creditors.

12.	Upon information and belief, Mezey is a New York domestic business corporation with its principal place of business in the county of New York and is an affiliate, successor, subsidiary, division of NDS or is a successor in interest to or assignee of NDS's contract with Debtor.  Upon information and belief, the address at which Mezey accepts process is 405A Arenoso, San Clemente, California, 92672.

13.	Upon information and belief, NoteWorld is a limited liability company, incorporated in the state of Delaware with it principal place of business in Tacoma, Washington. NoteWorld's registered agent for the service of process is Gloria Greely, 1001 Pacific Avenue #200, Po Box 2236, Tacoma, Washington 98402.  NoteWorld purports to be a servicing center that processes payments to NDS and/or Mezey.

Factual Allegations

14.	On July 27, 2006, Debtor and NDS entered into a written contract to settle the following unsecured personal debts, having an aggregate amount of $183,930.37 (the "Debts"):

- $7,915.71 to Bank of America;
- $18,951.00 to Bank of America;
- $14,453.00 to Citibank;
- $37,626.00 to Citibank;

- $2,422.66 to Orchar Bankcard Services;
- $19,194.00 to MBNA;
- $80,368.00 to Creditors Interchange; and
- $2,322.66 to Encore Receivables.

A copy of the contract is attached hereto and incorporated by reference under Exhibit "A" (the "Contract").

15. Under the strategy developed by NDS, for the purpose of settling the Debts, Debtor was to make monthly payments of $2,565.00 to Noteworld for a period of four to five years. As its fee, NDS would pay itself the first $25,650.00 of those payments; after which it proposed to apply the balance of the fund to attempt a settlement of the Debts.

16. Debtor made the following payments through Noteworld (collectively, the "Transfers"):

| Date of Transfer | Amount of Transfer |
|---|---|
| 8/4/2006 | $2,565.00 |
| 9/2/2006 | $2,565.00 |
| 10/2/2006 | $2,565.00 |
| 11/2/2006 | $2,565.00 |
| 12/2/2006 | $2,565.00 |
| 1/2/2007 | $2,565.00 |
| 2/2/2007 | $2,565.00 |
| 2/8/2007 | ($2,565.00) |
| 2/22/2007 | $2,565.00 |
| 3/2/2007 | $2,565.00 |
| 4/2/2007 | $2,565.00 |
| 5/2/2007 | $2,565.00 |
| 6/4/2007 | $2,565.00 |
| 7/2/2007 | $2,565.00 |
| 8/2/2007 | $2,565.00 |
| Total: | $33,345.00 |

A listing of the transfers as maintained by the Defendants' is attached hereto and incorporated by reference under Exhibit "B."

17. Despite Debtor's payments to the Defendants, the Defendants' only efforts to settle the Debts to Debtor's creditors was limited to sending correspondence to several of those creditors revealing that Debtor would be making an attempt to settle his accounts at a discount.

18. The Defendants, contrary to their representations to Debtor, made no attempts to negotiate or settle the Debts or otherwise counsel Debtor regarding the Debts and failed to communicate with the Debtor regarding the Debts. In short, Debtor paid the Defendants $33,345.00 for which he received nothing of value beyond a few form letters which he himself had to mail to his creditors.

19. Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on March 5, 2008 (the "Petition Date").

20. At the request of Debtor, this court converted Debtor's case to a case under chapter 11 of the Bankruptcy Code on July 29, 2008.

21. Debtor continues to manage his affairs as a debtor-in-possession.

22. No committee has been appointed in this case.

COUNT I:  AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
PURSUANT TO SECTIONS 548(a)(1)(B) AND 550 OF THE BANKRUPTCY CODE

23. Paragraphs 1 through 22 hereof are incorporated by reference.

24. Debtor made all of the Transfers within two years prior to the Petition Date.

25. Debtor received less than reasonably equivalent value in exchange for the Transfers.

26. Debtor was insolvent at the time that he made each Transfer or at the time that he incurred the obligation to make the Transfers, or became insolvent as a result of such Transfers or obligation.

27. Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital.

28. Debtor intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

29. All of the Defendants are initial, immediate, or mediate transferees of the Transfers.

WHEREFORE, Debtor respectfully requests that the court (i) enter judgment in its favor and determine that the Transfers are avoidable as fraudulent transfers pursuant to section 548 of the Bankruptcy Code and that Debtor is entitled to recover each of the Transfers or the value thereof under section 550 of the Bankruptcy Code, and (ii) grant Debtor such further relief as it deems proper.

### COUNT II: AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 12 Pa.C.S.A. SECTION 5101, *ET SEQ.* AND SECTION 544 OF THE BANKRUPTCY CODE

30. Paragraphs 1 through 29 hereof are incorporated by reference.

31. Debtor made all of the Transfers within four years prior to the Petition Date.

32. Debtor did not receive reasonably equivalent value in exchange for the Transfers or the obligation that he incurred to make the Transfers.

33. At the time that Debtor made the Transfers or incurred the obligation to make them, Debtor was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

{P0136179.3 }    6

34. At the time that Debtor made the Transfers or incurred the obligation to make them, Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

WHEREFORE, Debtor respectfully requests that the court (i) enter judgment in its favor and determine that the Transfers are avoidable as fraudulent transfers pursuant to 12 Pa. C.S.A. § 5107 and that Debtor is entitled to recover each of the Transfers or the value thereof under section 550 of the Bankruptcy Code, and (ii) grant Debtor such further relief as it deems proper.

### COUNT III:  BREACH OF CONTRACT

35. Paragraphs 1 through 34 hereof are incorporated by reference.

36. A contract exists and its material terms are embodied by the Contract, incorporated herein by reference, under Exhibit "A."

37. The Defendants, contrary to the explicit terms of the Contract, breached the Contract by, *inter alia*, failing to keep Debtor informed of developments, respond promptly to Debtor's inquiries and communications, and perform professional negotiation services on Debtor's behalf.

38. Debtor otherwise performed his end of the Contract, tendering $33,345.00 in monthly deposits to the Defendants.

39. Debtor was damaged by the loss of the value of the Transfers.

40. In addition to the Transfers, Debtor sustained damages as a result of the aforementioned breaches in the aggregate amount of $61,468.56, including the amount of the Transfers to the Defendants of $33,345.00 and $28,123.56 in interest charges, default penalties and late charges and legal fees charged to the Debtor by the holders of the Debts as a consequence of the Defendants' breach.

{P0136179.3 }                                                   7

WHEREFORE, Debtor respectfully requests that the court (i) enter judgment in its favor and determine that the Defendants breached the Contract and order Defendants to pay Debtor $33,345.00, the value of the Transfers, together with interests thereon, (ii) additional damages of $28,123.56 and (iii) grant Debtor such further relief as it deems proper

## COUNT IV:  UNJUST ENRICHMENT

41. Paragraphs 1 through 40 hereof are incorporated by reference.

42. To the extent that this Court determines that no contract existed between Debtor and the Defendants, the Defendants have been unjustly enriched to the detriment of Debtor by their receipt of the Transfers.

43. Debtor conferred a direct pecuniary benefit upon the Defendants via the Transfers.

44. The Defendants realized those benefits by accepting the Transfers.

45. The Defendants accepted and retained Transfers under circumstances in which it would be inequitable for them to retain those benefits without providing anything of value in return to Debtor.

WHEREFORE, Debtor respectfully requests that the Court (i) enter judgment in its favor and against the Defendants, jointly and severally, in the amount of $33,345.00 and (ii) grant Debtor such further relief as it deems proper.

## COUNT V: VIOLATION OF PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

46. Paragraphs 1 through 45 hereof are incorporated by reference.

47. The Defendants made various misrepresentations to Debtor, namely that they would negotiate and settle Debts with Debtor's creditors, keep Debtor fully informed of developments, and respond promptly to his inquiries and communications.

48. In making such representations, the Defendants represented that their services had qualities that they did not have, inasmuch as Defendants failed to provide such services to Debtor. 73 P.S. § 201-2(4)(v). Specifically, but not exclusively, the Defendants represented in their communications with the Debtor

- "The Company and its attorneys will perform professional negotiation services on [your] behalf to the best of its ability…"

- "…we assist you with the process from beginning to end. Our staff works hard to handle your creditors and help you get totally out of debt as rapidly as possible"

- "When We Settle the accounts, it may be 50% of the balance, 40%, 30% or possibly even lower."

- "All of your creditors will be notified we have the Power of Attorney that you signed which appoints us as your representative. This is the first step in the process of eventually settling your accounts. Your creditors are now supposed to come to us."

49. The Defendants also engaged in fraudulent and/or deceptive conduct which created a likelihood of confusion or misunderstanding; namely that they would negotiate and settle Debts with Debtor's creditors, keep Debtor fully informed of developments, and respond promptly to his inquiries and communications when, in fact, the Defendants did none of those things. 73 P.S. § 201-2(4)(xxi).

50. The Defendants process for resolving debts, the conspicuous nature of each of the various Defendants' responsibilities, the size of the Defendants' fee relative to the service rendered or risk incurred and the attenuated timeline over which the Defendants purported to resolve debts, all give rise to an extreme likelihood of confusion or misunderstanding.

51. The Defendants made their misrepresentations and engaged in deceptive practices with the intent to induce Debtor to engage their services.

52. Debtor justifiably relied upon such misrepresentations and deceptive practices of the Defendants.

{P0136179.3}    9

53. Debtor was damaged as a proximate result of his reliance upon the misrepresentations and deceptive practices of the Defendants.

54. Debtor is entitled to treble damages, costs, and attorney fees pursuant to 73 P.S. § 201-9.2(a).

WHEREFORE, Debtor respectfully requests that the court (i) enter judgment in its favor and against the Defendants, jointly and severally, in the amount of $184,405.68 and (ii) award the Debtor his attorney fees and the costs of bringing this action and (iii) grant Debtor such further relief as it deems proper.

Dated:  February 13, 2009                                  Respectfully submitted,


   /s/ Erik Sobkiewicz
Erik Sobkiewicz
PA I.D. No. 56836
Aurelius P. Robleto
PA I.D. N. 94633
CAMPBELL & LEVINE, LLC
1700 Grant Building
Pittsburgh, PA  15219
Telephone:  (412) 261-0310
Facsimile: (412) 261-5066

*Counsel to Debtor*